**DANIEL L. REINGANUM, ESQ.**
**MCDOWELL LAW, PC**
**46 W. MAIN STREET**
**MAPLE SHADE, NJ 08052**
856-482-5544 / DANIELR@MCDOWELLLEGAL.COM
**ATTORNEYS FOR CHAPTER 11 DEBTOR**



Order Filed on September 14, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of: | : | CASE NO. 21-13085-ABA |
| Choates G. Contracting, LLC | : | |
| Debtor | : | |

**SETTLEMENT AGREEMENT AND CONSENT ORDER RESOLVING CLAIM OF TURN-KEY MANAGEMENT CORP.**

The relief set forth on pages two (2) through three (3) that follow is hereby **ORDERED.**

**DATED: September 14, 2022**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

This Settlement Agreement and Consent Order Resolving Claim of Turn-Key Management Corp. is entered into between:

Choates G. Contracting, LLC, represented by Daniel Reinganum, Esq. ('CGC'), and Turn-Key Management Corp. ('Turn-Key') represented by Brad Shuttleworth, Esq.

WHEREAS,

1. Turn-Key commenced a lawsuit against the Debtor prior to the commencement of the Chapter 11 case in the Superior Court of New Jersey, Camden County Special Civil Part, Docket No. CAM-DC-000616-21.
2. The Debtor filed the instant Chapter 11 case on April 15, 2021, but neglected to give Turn-Key or Turn-Key's counsel notice of same.
3. As of the commencement of the instant Chapter 11 case, Turn-Key had not yet obtained a judgment against the Debtor.
4. Unaware of the Chapter 11 case, and following a proof hearing, Turn-Key proceeded to obtain a judgment against the Debtor in the amount of $8,370 plus costs of $82.00.
5. Turn-Key subsequently had the judgment docketed under DJ-181541-2021 on December 7, 2021.
6. The Debtor has claimed that the Turn-Key judgment is void or voidable, and that it has defenses to the judgment.

WHEREFORE, THE PARTIES HAVE AGREED AS FOLLOWS:

1. Turn-Key shall consent to the sale of 122 Danton Lane, Mullica Hill, NJ free and clear of their docketed judgment (DJ-181541-2021).
2. Turn-Key's Docketed Judgment, DJ-181541-2012, recorded on December 7, 2021 is VOID as having been entered in violation of the automatic stay.
3. Turn-Key shall be permitted to file a late general unsecured proof of claim in the amount of $6,700 which shall be deemed timely filed and entitled to payment as a general unsecured creditor pursuant to the terms of the Debtor's confirmed Chapter 11 Plan. The proof of claim must be filed by no later than December 31, 2022 in order to be eligible for payment. If

Turn-Key fails to file a proof of claim by December 31, 2022, Turn-Key be barred from filing a proof of claim and Turn-Key shall be treated as a creditor that received timely notice of the chapter 11 case.

4. Turn-Key did not willfully violate the automatic stay as it had no knowledge of the automatic stay.

5. On or before September 30, 2022, the Debtor shall file a motion for approval of this Settlement Agreement and Consent Order pursuant to Rule 9019 in the Bankruptcy Court.

6. The terms of this settlement and consent order are subject to approval by the United States Bankruptcy Court for the District of New Jersey. In the event that this Settlement Agreement and Consent Order is not approved by the bankruptcy court, the parties shall be returned to their original positions as if this Settlement and Agreement and Consent Order had never been entered into, **EXCEPT**, Turn-Key's consent to the sale of 122 Danton Lane free and clear of their docketed lien shall not be impacted by the non-approval of same.

I AGREE TO THE FORM AND ENTRY OF THE WITHIN CONSENT ORDER ON BEHALF OF MY CLIENT

As to Choates G. Contracting, LLC

BY: _____    DATE: 9-13-22
Daniel L. Reinganum, Esq.
Attorney for Choates G. Contracting, LLC


As to Turn-Key Management Corp.

BY: _____    DATE: 9/13/22
Brad Shuttleworth, Esq.
Attorney for Turn-Key Management Corp.