Daniel L. Reinganum, Esq.
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
856-482-5544 / DanielR@McDowellLegal.com
Attorneys for the Debtor

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re: | Case No. 21-13085-ABA |
| Choates G. Contracting, LLC | Chapter 11 |
| | Judge: Andrew B. Altenburg, Jr. |

## CERTIFICATION IN SUPPORT OF CONFIRMATION OF MODIFIED CHAPTER 11 PLAN

Darrell Choates, Sr., principal of the Debtor, does hereby certify as follows, in order to satisfy the requirements of 11 U.S.C. §1191(b), and by reference, 1

### GENERAL AVERMENTS

1. I make this Certification in support of Confirmation of the Chapter 11, Subchapter V Debtor's First Post-Confirmation Modified Plan of Reorganization dated March 16, 2023 (the 'Plan').

2. The Plan complies with the applicable provisions of this title.

3. The proponent of the plan complies with the applicable provisions of this title.

4. The plan has been proposed in good faith and not by any means forbidden by law.

5. The proponent of the plan has disclosed the identify and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan and the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy; and the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

6. No governmental regulatory commission has jurisdiction over the rates of the Debtor.

7. With respect to each impaired class of claims or interests, each class has either accepted the plan or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date, that is not less than the amount that such holder would receive or retain if the debtor was liquidated under Chapter 7.

8. With respect to each class of claims or interests, each class has accepted the plan or is not impaired under the plan.

9. The plan complies with the provisions of 11 U.S.C. §1129(a)(9).

10. If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan as accepted the plan, determined without including any acceptance of the plan y any insider.

11. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

12. All fees payable under 28 USC § 1930 as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

13. There are no retiree benefits.

14. The Debtor is not required to pay a domestic support obligation.

15. The Debtor is not an individual.

16. All transfers of property under the plan will be made in accordance with applicable provisions of non-bankruptcy law.

17. By agreement with Philly Properties GP, LLC and Drexel Properties GP, LLC, the original plan was confirmed under 11 U.S.C. §1191(b).

18. Therefore, I ask the Court to confirm the Plan under 11 U.S.C.§1191(b).


BY:   /s/ Darrell Choates, Sr.                    Date:   March 17, 2023
      Darrell Choates, Sr.