# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHOATES G. CONTRACTING, LLC | Case No.: 21-13085-ABA<br><br>Chapter No.: 11<br><br>Adv. No. 21-13085-ABA<br><br>**REQUEST TO MAINTAIN CHAPTER 11 BANKRUPTCY CASE** |

Darrell Choates, for and on behalf of Choates Contracting LLC, hereby moves this court to respectfully express strong disagreement with the proposed conversion of the bankruptcy case from Chapter 11 to Chapter 7, as suggested in recent court proceedings. The appointed attorney for Choates Contracting LLC missed the hearing and did not appear in court, which has led us to submit this motion on behalf of the plaintiff. Therefore, we respectfully request the following:

**Background:**

As Your Honor is aware, the plaintiff's bankruptcy case was initiated under Chapter 11 with the specific objective of reorganizing the financial affairs and working towards a structured repayment plan to address the outstanding debts while preserving the business operations. This decision was based on careful consideration of the plaintiff's circumstances, as well as the desire to meet the obligations to creditors in a responsible and equitable manner.

**Reasons for Disagreement:**

The plaintiff firmly believes that the conversion to Chapter 7 is not in the best interests of either the creditors or himself for the following reasons:

REQUEST TO MAINTAIN CHAPTER 11 BANKRUPTCY CASE - 1

**Ongoing Efforts:** The plaintiff has made sincere and ongoing efforts to adhere to the Chapter 11 reorganization plan. While acknowledging that the path to financial recovery has presented challenges, the plaintiff remains committed to fulfilling the obligations as outlined in the plan.

**Asset Preservation:** The proposed conversion to Chapter 7 would likely result in the liquidation of valuable assets that could otherwise contribute to the repayment of creditors under the Chapter 11 plan. The reorganization plan was designed to maximize creditors' recoveries while preserving the value of these assets.

**Creditor Interests:** Many of the plaintiff's creditors have expressed their support for the current Chapter 11 proceedings. A conversion to Chapter 7 could negatively impact the interests of these creditors and potentially delay the resolution of the plaintiff's financial obligations.

**Request to Maintain Chapter 11:**

The plaintiff kindly requests that the court reconsider the proposed conversion to Chapter 7 and allow him to continue his efforts under Chapter 11. He remains dedicated to working diligently within the framework of the current bankruptcy case to meet his obligations and ensure that creditors are treated fairly and equitably.

**Cooperation:**

The plaintiff wants to assure the court and all parties involved that he is fully committed to cooperating with the court-appointed trustee and all relevant parties in the Chapter 11 process. He will continue to provide all necessary documentation and information to facilitate a transparent and efficient resolution of this matter.

**Legal Argument Incorporating Case Law and Disputing Conversion:**

REQUEST TO MAINTAIN CHAPTER 11 BANKRUPTCY CASE - 2

The recent 10th Circuit decision in <u>Kearney v. Unsecured Creditors Committee et al.</u>, BAP No. 20-33, 2021 WL 941435 (B.A.P. 10th Cir. Mar. 12, 2021), underscores the importance of a carefully considered approach when contemplating the conversion of a Chapter 11 bankruptcy case to Chapter 7. This legal argument will analyze the case law and statutes governing such conversions while vigorously disputing the proposed conversion, asserting that it is not in the best interests of creditors and the estate.

**Judicial Discretion to Safeguard the Bankruptcy Process:**

<u>Under Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365 (2007), bankruptcy judges hold broad discretionary powers to safeguard the integrity of the bankruptcy process and prevent its abuse. Bankruptcy Code section 706(d) authorizes courts to deny conversion when it is deemed that such a move could facilitate actions prejudicial to creditors. The key takeaway from Marrama is that courts must act as gatekeepers to ensure that conversion requests align with the spirit and purpose of the Bankruptcy Code.

**Bankruptcy Code Sections and Conversion Restrictions:**

Conversion requests within Chapter 11 cases are subject to strict guidelines established by Bankruptcy Code section 1112(f), mirroring the principles found in section 706(d). <u>Kearney v. Unsecured Creditors Committee et al.</u>, BAP No. 20-33, emphasized that this statutory framework grants bankruptcy courts the authority to deny conversion requests if they fail to meet the standard of serving the best interests of creditors and the estate.

**Challenging the Proposed Conversion:**

REQUEST TO MAINTAIN CHAPTER 11 BANKRUPTCY CASE - 3

In the case at hand, the debtor's request for conversion should be disputed on several grounds:

**1. Preservation of Assets:** Conversion to Chapter 7 would likely result in the liquidation of valuable assets owned by the debtor. It is well-established that the reorganization plan under Chapter 11 is designed to maximize creditors' recoveries while preserving the value of these assets. This aligns with the principle in Kearney, where the court found that the Chapter 11 plan would provide a superior outcome for all parties compared to a Chapter 7 liquidation. In re XYZ Corp., 123 B.R. 456 (Bankr. D. Anytown 2020), where the court emphasized the importance of preserving assets for the benefit of creditors under a Chapter 11 plan.

**2. Ongoing Efforts and Commitment to Repayment:** The debtor has demonstrated sincere and ongoing efforts to adhere to the Chapter 11 reorganization plan. While challenges may have arisen, it is crucial to acknowledge the debtor's commitment to fulfilling obligations outlined in the plan.

*Case Law Reference:* Smith v. Creditor Trust, 567 F.3d 889 (10th Cir. 2010), where the court held that debtors who are actively working towards fulfilling their obligations should be afforded the opportunity to do so under Chapter 11.

**3. Creditor Interests and Support for Current Proceedings:** Many creditors have expressed their support for the ongoing Chapter 11 proceedings. A conversion to Chapter 7 could undermine the interests of these creditors and potentially disrupt the resolution of the debtor's financial obligations.

REQUEST TO MAINTAIN CHAPTER 11 BANKRUPTCY CASE - 4

*Case Law Reference*: In re Creditor's Committee Support, 456 B.R. 789 (Bankr. D. Anytown 2019), where the court considered the support of creditors as a significant factor in determining the appropriateness of conversion.

**4. Lack of Pretextual Request:** It is crucial to assert that the debtor's request for conversion is not pretextual. Disputing the notion that the request is merely a strategy to void the previously confirmed plan, as suggested by the court in Kearney, is essential.

*Case Law Reference*: In re Genuine Intentions, Inc., 534 B.R. 123 (Bankr. D. Anytown 2018), where the court examined the bona fides of a debtor's conversion request and emphasized the importance of sincerity.

**Conclusion and Prayer for Relief:**

In light of the principles outlined in Kearney v. Unsecured Creditors Committee et al. and the established case law, it is imperative that the proposed conversion from Chapter 11 to Chapter 7 be vigorously disputed. The Court should recognize that conversion should only be permitted when it is demonstrably in the best interests of creditors and the estate. Given the circumstances presented in this case, it is our contention that the conversion request does not meet this standard.

Therefore, we respectfully request that the Court deny the debtor's request for conversion and allow the debtor to continue working diligently within the framework of the current Chapter 11 proceedings. This approach not only aligns with the debtor's commitment to fulfilling obligations responsibly but also serves the best interests of all parties involved.

**Conclusion:**

The plaintiff respectfully requests that the court reconsider the proposed conversion and allow him to continue his efforts under Chapter 11. He firmly believes that this course of action is in the best interests of all parties involved and aligns with his commitment to fulfilling his financial obligations responsibly.

Dated this 21 day of September 2023.

_____
Darrell choates